COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Agee
Argued at Salem, Virginia


VIRGINIA HAHN TORIAN
                                            OPINION BY
v.    Record No. 2090-01-3          JUDGE LARRY G. ELDER
                                          APRIL 23, 2002
ROBERT RAY TORIAN


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Mosby G. Perrow, III, Judge

            Sidney H. Kirstein for appellant.

            Jennifer E. Stille (John J. O'Keeffe, Jr.;
            O'Keeffe & Spies, on brief), for appellee.


     Virginia Hahn Torian (wife) appeals from the trial court's

decision equitably distributing the assets from her marriage to

Robert Ray Torian (husband) and awarding her spousal support for

a defined duration.  On appeal, wife contends the trial court

erroneously failed to value husband's Virginia Retirement System

(VRS) pension, which the parties agreed was marital property,

and failed to award wife any portion of that pension or take its

value into account in the equitable distribution.  She also

contends the trial court's award of spousal support for a

defined duration of seven years was erroneous because the

parties' marriage was a lengthy one, lasting twenty-six years,

and she demonstrated a need to receive support for a longer

period.  Finally, she contends the trial court failed to include

"written findings and conclusions" that "identify the basis for the nature, amount and duration of the award," as required by Code § 20-107.1(F) for a defined duration award.

We hold the trial court's failure to determine the present value of husband's VRS pension was not error because wife failed to present credible evidence of that value. Further, the trial court's failure to award wife a portion of the monthly VRS benefit as received did not constitute an abuse of discretion. We also conclude that the trial court's award of a defined duration spousal support award was not error under the facts of this case. Finally, we hold that wife failed to preserve for appeal her claim that the trial court failed to "identify the basis for the nature, amount and duration" of the defined duration award. Thus, we affirm the trial court's equitable distribution and spousal support awards.

I.

BACKGROUND

Husband and wife were married in 1973 and separated in 1999, after twenty-six years of marriage and the birth of one child in 1974. Both parties requested the trial court grant them a divorce based on a one-year separation. As of the December 5, 2000 evidentiary hearing, husband was sixty-six years old and wife was fifty-two.

The parties agreed that all assets were marital and agreed to divide the value of most of them equally.[1] The parties' assets included husband's "457 deferred compensation plan," referred to by the parties as the ICMA account. Husband was required to draw on that account at a rate of $2,082 per month. Husband testified that all the funds in the account were invested and that, "if everything goes according to the way it is now," the value of the account would be zero in about six years due to the mandated monthly draw. The parties agreed to divide the ICMA account evenly.

Wife had an IRA with a stipulated value of $370,665. The parties disagreed over whether or how to divide that asset.

The parties agreed that husband's Virginia Retirement System (VRS) pension was marital property but disagreed over whether it should be divided and, if so, whether it should be divided as a lump sum based on present value or as husband received the monthly payments. Wife testified, without objection, "we paid somebody to tell me the value of his account" and that value was "$180,374." No further evidence, expert or otherwise, was offered by either party as to the present value of the VRS pension.

---

[1] The parties disagreed over the character of an investment account titled to both husband and the parties' adult daughter, Miriam. The trial court found that this account was marital property, and the parties do not dispute this finding on appeal.

The parties also disagreed over whether wife was entitled to spousal support and, if so, in what amount.  Husband argued that the parties had "decent assets" but "very little income" and contended he should not be required to pay spousal support, especially since he was sixty-six years old and had retired whereas wife was fifty-two years old and had worked on a full-time basis throughout most of their marriage.  Wife claimed an income shortfall of $1,800 per month and fragile emotional health as a result of the parties' divorce.  She sought $1,000 per month in ongoing spousal support.

## II.

## ANALYSIS

### A.

### VRS PENSION:  VALUATION AND DIVISION

#### 1.  Husband's Statements Regarding Division of Property

We reject wife's argument that husband should be judicially estopped from denying an equal division of all marital assets. Judicial estoppel provides that "in successive actions between two parties, 'a party will not be permitted to maintain inconsistent positions . . . .'"  Richfood, Inc. v. Ragsdale, 26 Va. App. 21, 23-24, 492 S.E.2d 836, 837 (1997) (quoting 28 Am. Jur. 2d Estoppel and Waiver § 68 (1966)) (emphasis added). Because wife's contention involves a single proceeding, judicial estoppel does not apply.

We agree generally with the principle that a party should not be permitted to "approbate and reprobate, by ascribing error to an act by the trial court that comported with [that party's] representations." Asgari v. Asgari, 33 Va. App. 393, 403, 533 S.E.2d 643, 648 (2000). However, we disagree that this principle can be applied in this case.

Wife's quotation of husband's testimony and argument that he desired an equal division of all assets takes these statements out of context. The record makes clear that husband did not agree to wife's receiving one-half his VRS pension, either as an immediate offset in the marital asset division based on its present value or as a deferred distribution of the monthly benefits as received. Husband's opening statement focused on his contention that the present value figure wife claimed for the VRS pension was "a false figure," but when the trial court observed that wife "could get half of [the VRS pension]," husband's attorney responded, "Yes, sir, she can . . . . But we don't want [her] to . . . ."

Husband's written submissions to the trial court conveyed this position. He proposed an equitable distribution divided into two distinct sections. One section contained most of the assets, calculated their agreed total value, and labeled the sum, "Total Marital Assets." A separate section, titled "Other Assets," included husband's VRS pension plan and "Miriam's Legg Mason Account," the only other asset the value or character of

which was in dispute.  In his written argument, husband recommended expressly "that [his ICMA deferred compensation plan] be divided equally."  In the section relating to the division of his VRS pension, however, he made no such recommendation.  Instead, he indicated that he was sixty-six years old and unable to "obtain gainful employment," whereas wife was fifty-two years old and able to work gainfully.  He also recited his prior agreement to share his ICMA benefits with wife and listed the other assets she had, including her IRA.  Thus, although husband's argument may not expressly have indicated he did not wish to share the VRS pension with wife, the tenor of his argument was clear.

Finally, in a hearing to clarify the trial court's prior ruling, wife's attorney admitted to the court her understanding of husband's position.  Wife's counsel conceded in that argument, "The single point that brought us to court was that [husband] said [wife] can't have fifty percent of my pensions and alimony and that's why [the trial court] had to decide the whole thing."  Thus, the record does not support wife's argument that she believed husband agreed to an equal division of all marital assets.

## 2.  The Trial Court's Preliminary Ruling

We reject wife's contention that the trial court was bound by its preliminary letter ruling that all marital assets would be evenly divided or that this ruling became the law of the

case. The doctrine of the law of the case applies only in situations where a final determination or ruling has been made without objection. See, e.g., Med. Ctr. Hosps. v. Sharpless, 229 Va. 496, 498, 331 S.E.2d 405, 406 (1985) (holding that jury instructions given without objection became law of the case and governed resolution of the proceedings even on appeal). Where a party objects to the ruling of a trial court, the court retains the authority to act on that objection within twenty-one days from entry of the final order. See Rule 1:1; Cloutier v. Queen, 35 Va. App. 413, 420-21, 545 S.E.2d 574, 577-78 (2001).

Here, the trial court's initial "approval" of the parties' agreement to split all marital property equally, to the extent it considered or included the VRS pension at all, clearly misperceived the nature of the parties' agreement and disagreement. Moreover, the trial court's reference to an even division of the marital estate specifically referred to a marital estate of $947,776 as provided in the parties' exhibits, which amount excluded the VRS pension. As set out above, the parties promptly informed the trial court of their disagreement and presented additional argument. Manifestly, under these circumstances, the trial court retained the authority to timely correct its preliminary ruling.

### 3. Valuation and Division of VRS Pension

Code § 20-107.3(A) provides that the trial court "upon request of either party, shall determine the . . . value of all

property, real or personal, tangible or intangible, of the parties."  Subsection (G)(1) provides that "[t]he court may direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits, whether vested or nonvested, which constitutes marital property and whether payable in a lump sum or over a period of time."

We have recognized two methods for valuing and dividing a defined benefit plan, which "gives the employee a specific benefit upon retirement."  Brett R. Turner, Equitable Distribution of Property §§ 6.02, 6.12, at 289, 367 (2d ed. 1994).

> An award may be a percentage of the marital share of the pension, in which case payment is to be made only as retirement benefits are paid.  Code § 20-107.3(G).  This method of making an award is the deferred distribution approach.  Code § 20-107.3(C), (D) and (G) provide that the court may also make a monetary award, and in doing so, the court shall consider the value of marital property, including the value of the marital share of a party's retirement or pension plan.  This method of making an award of the value of a pension is the immediate offset approach.

Gamer v. Gamer, 16 Va. App. 335, 342-43, 429 S.E.2d 618, 624 (1993) (citations omitted) (emphases added).  The VRS pension is a defined benefit plan.

In order to distribute benefits under the immediate offset approach, the trial court must determine the present value of

the marital share of those benefits.  Id.; Johnson v. Johnson,
25 Va. App. 368, 374, 488 S.E.2d 659, 662 (1997) (citing Turner,
supra, § 6.12).  This is so even "[w]here an award of the entire
pension is made to the owning spouse."  Johnson, 25 Va. App. at
374, 488 S.E.2d at 662.

The party suggesting an award under the immediate offset
approach bears the burden of proving the present value of a
pension.  Id. at 375, 488 S.E.2d at 662.

> Virginia's trial courts may, without doing
> violence to the [equitable distribution]
> statute, make a monetary award without
> giving consideration to the . . . valuation
> of every item of property, where the parties
> have been given a reasonable opportunity to
> provide the necessary evidence to prove
> . . . valuation but through their lack of
> diligence have failed to do so.

Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 551
(1987), cited with approval in Johnson, 25 Va. App. at 373, 488
S.E.2d at 662.  Thus, where a party asks the trial court to make
an equitable distribution of a pension under the immediate
offset method but fails to provide credible evidence of present
value, the court has insufficient evidence with which to make an
award under the immediate offset method.  See, e.g., Gamer, 16
Va. App. at 343, 429 S.E.2d at 624.

If a trial court orders deferred distribution of the
marital share of the pension, it need not determine the

pension's present value.[2]  Johnson, 25 Va. App. at 374, 488

S.E.2d at 662.  Under the deferred distribution approach, "the

present value of the pension is irrelevant."  Gamble v. Gamble,

14 Va. App. 558, 585, 421 S.E.2d 635, 651 (1992) (Benton, J.,

concurring) (citing Zipf v. Zipf, 8 Va. App. 387, 396-98, 382

S.E.2d 263, 268 (1989) (holding that order of deferred

distribution based on present value is error)).  As we

recognized in Johnson, "[w]here . . . the evidence renders a

precise determination of a pension's [present] value practically

impossible[,] an award of pension benefits [via the deferred

distribution approach,] as those benefits are received by the

payor spouse[,] . . . may prove the only equitable method of

considering the pension benefits in making an award."  Johnson,

25 Va. App. at 375, 488 S.E.2d at 662; see Robinson v. Robinson,

652 So. 2d 466, 467 (Fla. Dist. Ct. App. 1995) (holding that

where record contains no evidence of pension's present value,

_____

    [2] Code § 20-107.3, as enacted in 1982, required a court
equitably distributing a marital estate to consider "[t]he
present value of pension or retirement benefits, whether vested
or nonvested."  1982 Va. Acts, ch. 309.  In 1988, however, the
General Assembly deleted the present value language from the
statute.  See 1988 Va. Acts, chs. 747, 880.  See generally
Turner, supra, § 6.12, at 375-76 (recognizing some states hold
present value is "irrelevant" in case of deferred distribution
whereas other states require calculation of present value even
in case of deferred distribution because "the amount of marital
property is always relevant as a division factor" and "the trial
court should be aware in at least a general way of the amount of
property it is awarding to each spouse").

trial court was required to divide it under deferred distribution approach).

We hold the trial court, in the absence of evidence of the present value of husband's VRS pension, did not abuse its discretion by not making a finding of fact as to the present value of the VRS pension. The record contains no formal stipulation as to wife's $180,000 present value figure, and the trial court made clear to wife on two occasions at the December 5, 2000 evidentiary hearing that it had "[no] evidence really upon which to base" the $180,000 present value figure "other than someone was paid to get that figure." Despite the trial court's obvious concern about this void in the evidence, wife made no attempt to offer such evidence to the court at that time.

The trial court observed that, absent evidence of present value, it "[could] certainly apportion the [pension's monthly] payout," but it did not indicate a preference for this method or refuse to allow wife to offer expert evidence of present value. When wife submitted a revised proposed equitable distribution schedule to the trial court in January 2001, she substituted, "VRS Pension $1,682.00/mo. - to be divided 50-50," for her previous proposal that the claimed present value of the pension be apportioned to husband as part of the equitable distribution.

The trial court then issued a preliminary letter opinion approving a distribution that equally divided the parties'

marital assets of $947,776.84.  This is the amount shown on wife's revised equitable distribution schedule, which omits the VRS pension from the total.  The letter opinion made no separate mention of the VRS pension, which prompted the parties to appear again before the trial court on that issue.  When the parties discussed the pension at that hearing, the court indicated it was "stone cold on this [issue]," and the parties tried to reconstruct for the court what had transpired previously in regard to the VRS pension.  During that discussion, wife asked if she could introduce evidence of the present value of the pension.  Husband objected, contending that it was "too late" and that the trial court previously had refused to admit such evidence, saying it "didn't want [the pension] valued that way."

The record indicates husband's assertions were incorrect. Although husband had objected generally in his opening statement that the use of any present value calculation would be a "false figure," wife never offered expert evidence of the pension's present value, and the trial court commented only that it lacked evidence of present value, not that such evidence was inadmissible if offered in the form of expert testimony. Although husband's assertions were incorrect, wife did not bring this fact to the trial court's attention, did not obtain a ruling from the trial court on her request to submit evidence of present value, and made no proffer of what her evidence would be.  Thus, as in Bowers, wife "had reasonable notice that the

trial court considered the evidence of the [pension's] present value insufficient," Bowers, 4 Va. App. at 620, 359 S.E.2d at 552, but she failed to take the steps necessary to present that evidence to the trial court. "The responsibility to develop or fill voids in the evidence of asset values rests with the litigants, not with the trial judge." Id. at 617, 359 S.E.2d at 550. Accordingly, wife may not now complain that the trial court erred by failing to assign a present value to the VRS pension.

Wife nevertheless argues on appeal that the trial court should have calculated present value using the method affirmed in Holmes v. Holmes, 7 Va. App. 472, 375 S.E.2d 387 (1989). In that case, we upheld the trial court's use of the annuity tables in Code § 55-269.1 to ascertain the present value of a military pension based on the age and corresponding life expectancy of the pension's recipient. Id. at 479, 375 S.E.2d at 391-92. But cf. Turner, supra, § 6.12, at 368-71 (outlining multiple additional factors to be considered in determining present value). In effect, wife argues on appeal that the trial court was under a mandatory duty to determine the present value of the VRS pension, pursuant to Holmes. Her argument is that the evidence of husband's age (as the plan participant), the fact that the VRS pension was in pay status, and the monthly payment amount was sufficient to trigger the trial court's duty to determine value. Assuming, but specifically not deciding, that

<u>Holmes</u> stands for the proposition wife presents, she never raised this argument in the trial court.  She may not raise this argument for the first time on appeal.  Rule 5A:18.

This case amply illustrates the long standing policy justification for the contemporaneous objection rule.  Because wife did not raise the <u>Holmes</u> argument below, husband had no notice of a need to present evidence of factors regarding the VRS pension that could affect a present value calculation.  For example, no evidence was before the trial court as to what was the most appropriate present value discount rate, whether the monthly benefit was subject to adjustment or forfeiture, or whether unusual health problems would affect the calculation factors.  <u>See</u> Turner, <u>supra</u>, § 6.12, at 371-73.  As wife never raised the issue, husband and the trial court were never on notice that evidence as to the foregoing or other pertinent valuation factors was needed.  The wisdom of barring a party's defaulted trial argument as ambush on appeal is also well illustrated here by wife's admission in this Court that her trial court hearsay valuation evidence substantially overvalued the VRS pension.  Thus, Rule 5A:18 applies here with good cause.

Finally, we hold the trial court did not err in awarding husband one hundred percent of the marital share of the VRS pension benefit he had already begun to receive on a monthly basis.  "Fashioning an equitable distribution award lies within the sound discretion of the trial judge[,] and that award will

not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "Virginia law does not establish a presumption of equal distribution of marital assets. It is within the discretion of the court to make an equal division or to make a substantially disparate division of assets as the factors outlined in Code § 20-107.3(E) require." Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998) (citations omitted). Finally, "[e]ach marital asset is not necessarily entitled to be treated the same for purposes of equitable distribution. The chancellor may determine, depending upon how the factors in Code § 20-107.3(E) are applied, that certain marital assets should be divided and treated differently than others." Gamer, 16 Va. App. at 344, 429 S.E.2d at 624. Thus, how to divide the marital share of husband's VRS pension, as with any other asset, rested within the sound discretion of the chancellor, subject to the limitations of Code § 20-107.3(G) and upon consideration of the Code § 20-107.3(E) factors.

Husband argued that an award to wife of one-half his monthly VRS pension benefit in addition to $1,000 per month in spousal support would cause him "major cash flow problems" and require him "to begin using up or liquidating his asset base." Husband reminded the trial court that he was almost sixty-seven years old and no longer eligible to work full-time for his former employer, the City of Lynchburg. The trial court found

that its allocation of marital property, which included the award of the monthly VRS pension benefit entirely to husband, would "provide[] sufficient income for . . . husband for the remainder of his life as well as the ability to pay the [spousal support] for the seven year period."  On the evidence in the record, this ruling did not constitute an abuse of discretion.

B.

DURATION OF SPOUSAL SUPPORT AWARD

Code § 20-107.1(C) provides that "[t]he court, in its discretion, may decree that maintenance and support of a spouse may be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof."

Wife contends the trial court's award of spousal support for a period of only seven years was an abuse of discretion.  We hold the trial court did not abuse its discretion in limiting the award to seven years.

Wife argues first that the trial court's limitation of the award was an abuse of discretion because the marriage was long-term, lasting twenty-six years, and the General Assembly, "[i]n passing the rehabilitative alimony statute," intended that defined duration awards would generally apply to short term marriages.  As wife recognizes, however, "there is no presumption in the statute as enacted," and we review the award only for an abuse of discretion.  We simply cannot conclude the

trial court abused its discretion based solely on the fact that it awarded seven years of periodic spousal support following a twenty-six-year marriage.

Wife also contends that the limited duration of the award was an abuse of discretion because she demonstrated an ongoing need for support and husband had a documented ability to assist her. She does not dispute the adequacy of the trial court's award for the seven years support was awarded.

Using 1999 income tax figures, wife contends husband had 87% of the parties' current income. However, the record, viewed in the light most favorable to husband, belies this contention. Although the tax return reflects wages of approximately $52,000, husband testified that he was temporarily able to resume his former job with the City of Lynchburg, where he had worked for about forty years, when the previous employee left suddenly. He worked only long enough to train his replacement and was no longer "eligible to be re[h]ired" by the city.

The evidence established more modest income for a man of retirement age. Husband was sixty-six years old, and his monthly income at the time of the hearing consisted of $1,072 in social security, $788.06 in wages from part-time employment, and $1,682 in VRS pension benefits, for a total of $3,542.06. Wife, who was fifty-two years old at the time of the hearing, had worked throughout the marriage. Although husband had worked full-time during the marriage and earned about twice as much as

wife had earned working for a dentist, at the time of the hearing, wife had monthly income from part-time employment at Kroger's which was approximately equal to husband's part-time income. Each party would also receive $1,000 per month from the mandatory ICMA monthly draw down. Wife claimed average monthly expenses of $2,326.

Husband argued that an award of defined duration was appropriate because wife was only fifty-two years old and should be encouraged to obtain full-time employment. He argued that her need for current income resulted in large part from her desire "to retain the major illiquid assets," including the marital home valued at $120,000 and her own IRA, valued at $370,000. In addition, he noted that wife received as part of the equitable distribution the bulk of assets in her own IRA, $300,000, which could be assumed to appreciate in value and that wife would be eligible to draw on her IRA without penalty in approximately seven years from that date, when she would be fifty-nine-and-one-half years old.

Wife did not specifically dispute her eligibility to draw on her IRA without penalty in seven years. She contended only that she should not be forced to draw on her own assets for support when she was entitled to support from husband. She disputed husband's contentions only generally "to the extent [they were] factually incorrect or unsupported by the evidence." She conceded that "[t]he fact that the income [to husband] from

the ICMA account will stop in six years is what made the case appropriate for [the trial court] to impose the fairly unusual date certain [for] termination of spousal support."

In awarding wife spousal support of $1,000 per month for seven years, the trial court indicated it considered all of the statutory factors but paid particular attention to the obligations, needs and resources of the parties, their ages and physical and mental conditions, their monetary and nonmonetary contributions to the marriage, and the provisions with regard to the equitable distribution of the parties' property. The trial court noted that its award of spousal support for a seven-year period and "allocation of 50% of the husband's ICMA account to the wife provides income for the wife until she is old enough to draw her pension (IRA) benefits," of which wife received approximately $300,000. Further, it noted that its "allocation of marital property provides sufficient income for the husband for the remainder of his life as well as the ability to pay the alimony awarded for the seven year period." As wife previously acknowledged, husband would receive $1,000 per month from the ICMA for approximately six years, which sum equaled the amount of spousal support awarded.

Wife contends the trial court's defined duration award constituted an abuse of discretion because the court had no "magic ball" and no accurate way to divine the parties' financial needs and incomes after the seven-year period expired.

Under these facts, we cannot say the trial court abused its discretion in awarding wife spousal support for only a defined duration. While we agree with the general principle that a court should not base an award of support on mere speculation or conjecture, see, e.g., Konefal v. Konefal, 18 Va. App. 612, 614-15, 446 S.E.2d 153, 154 (1994), the legislature obviously contemplated that circumstances exist in which defined duration spousal support awards are appropriate, cf. Srinivasan, 10 Va. App. at 735, 396 S.E.2d at 679 (holding court appropriately may consider "reasonably foreseeable" future circumstances). The possibilities advanced by wife--that she may have a need for continuing support if she becomes disabled or fails to obtain full-time employment or if her investments do not perform as well as expected--are possibilities inherent in many spousal support situations. Yet, as set out above, the legislature decided that defined duration awards are appropriate in at least some of these circumstances. We cannot conclude that the factors upon which the trial court premised this award-- including the parties' ages, the amount, nature and liquidity of assets they received in the equitable distribution, and wife's ability to draw on her share of those assets at a specific age without incurring a tax penalty--are sufficiently uncertain to render the defined duration award speculative. Thus, we affirm the award.

Wife asks that we order a correction of the wording of the decree to allow either party to seek a modification of the award during the seven-year period of the award as provided under Code § 20-109. Wife apparently is concerned that the trial court's order as it presently exists provides an award of "$1,000 per month for seven (7) years subject to termination as set forth in Virginia Code §20-109," but does not provide for modification under the terms of the statute. Husband conceded on brief and at oral argument that the language of the decree "does not abrogate [wife's] statutory right to petition for modification of support prior to termination." Thus, we hold, based on both the wording of the order and husband's concession, that the order remains subject to modification during the seven-year period as permitted by statute.

## C.

### BASIS FOR DEFINED DURATION SUPPORT AWARD

Wife contends the trial court erred in entering a final decree which fails to "identify the basis for the nature, amount and duration of the award," as required by Code § 20-107.1(F). We hold that wife failed to preserve this argument for appeal.

Rule 5A:18 requires that objections to the trial court's action or ruling be made with specificity in order to allow the trial court a chance to correct the claimed error. See, e.g., Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc); Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d

736, 737 (1991) (en banc). Here, the trial court provided a written explanation for its defined duration support award in the memo to the file upon which the final decree was based. We assume without deciding that explanation was insufficient. Nevertheless, wife specifically contested the trial court's spousal support ruling only on the ground that "[t]he Court erred in terminating [wife's] spousal support after seven years." If wife had informed the trial court she believed the contents of this memo were insufficient to satisfy the requirements of Code § 20-107.1(F), the court would have had an opportunity to correct the claimed error. However, wife did not bring this claimed error to the attention of the trial court, and we will not consider it for the first time on appeal.

For these reasons, we hold that the trial court did not err by failing to determine the present value of husband's VRS pension because wife failed to present credible evidence of that value. Further, we hold that the trial court did not abuse its discretion by failing to award wife a portion of the monthly VRS benefit as a deferred distribution. We also conclude that the trial court did not err under the facts of this case in making a defined duration spousal support award. Finally, we hold that wife failed to preserve for appeal her claim that the trial court failed to "identify the basis for the nature, amount and

duration" of the defined duration award.  Thus, we affirm the

trial court's equitable distribution and spousal support awards.

Affirmed.