COURT OF APPEALS OF VIRGINIA


Present:   Judge McClanahan, Senior Judges Coleman and Annunziata


WILLIAM RILEY HOLZBERLEIN
                                                        MEMORANDUM OPINION[*]
v.       Record No. 0089-05-4                              PER CURIAM
                                                         AUGUST 16, 2005
RENEE JAWISH HOLZBERLEIN


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

(Edward J. Walinsky; Ryan M. Mattson; Shoun, Bach & Walinsky,
P.C., on briefs), for appellant.

(T. James Binder, on brief), for appellee.


William Riley Holzberlein (husband) appeals from the circuit court's December 9, 2004 final order awarding Renee Jawish Holzberlein (wife) a divorce. On appeal, husband contends (1) "the trial court err[ed] in its classification of the marital residence," and (2) the trial court erred "in denying him the opportunity to post a supersedeas bond." Both parties seek attorney's fees and costs incurred in connection with this appeal. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married on August 3, 2002 and separated on April 22, 2003. On January 6, 2004, wife filed a bill of complaint seeking a divorce. On October 6, 2004, the circuit court conducted an equitable distribution hearing. On December 9, 2004, the court entered the final decree and, in a separate order, denied husband's motion for reconsideration. After filing objections to the final decree, husband moved for a supersedeas bond. The court denied the motion, entering a written order confirming the denial on December 27, 2004.

The parties purchased the marital residence, located in Fairfax, Virginia, in March 2002, prior to their marriage. Wife testified the parties made a down payment of $21,000, $16,000 of which she contributed. She described the $21,000 as $10,000 from husband's mother; $5,000 from husband's mother as a gift to husband; and $6,000 from a credit card advance which husband obtained. Wife testified she repaid $6,000 to husband in July 2002. She also repaid the $10,000 to husband's mother in July 2002 after selling her separately owned property. Husband testified he contributed $5,000 to the down payment of the house.

The trial court valued the marital home at $430,000. The mortgage debt on the property was $329,838 leaving a net value of $100,162. The court awarded husband $23,845 (5/21) and wife $76,314 (16/21) of the total equity. Despite husband's characterization of the question presented as "classification of the marital residence," on brief, husband only challenges the court's division of the equity in the marital residence.

DISCUSSION

I.

"'Fashioning an equitable distribution award lies within the sound discretion of the trial judge[,] and that award will not be set aside unless it is plainly wrong or without evidence to support it.'" Torian v. Torian, 38 Va. App. 167, 181, 562 S.E.2d 355, 362 (2002) (quoting Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)). In addition, "Virginia law does not

establish a presumption of equal distribution of marital assets," and a trial court has discretion to make an equal or disparate division as long as it considered the factors in Code § 20-107.3(E). Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998).

Code § 20-107.3(E)(11) provides that "[t]he amount of any division or transfer of jointly owned marital property, and the amount of any monetary award, the apportionment of marital debts, and the method of payment shall be determined by the court after consideration of" ten specifically described and numbered factors. In addition, the trial court may consider "[s]uch other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award."

"The trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Anderson v. Anderson, 29 Va. App. 673, 686, 514 S.E.2d 369, 376 (1999). The trial court accepted wife's testimony that the parties made a down payment of $21,000, $16,000 of which she ultimately contributed. Husband testified that "[w]hen all the dust settled" he contributed only $5,000 to the down payment of the marital residence. Thus, the evidence supported the trial court's determination that husband's share of the equity in the marital home equaled $23,845, or 5/21 of the equity.

## II.

Husband further contends the trial court abused its discretion in denying his motion for supersedeas bond.

Code § 8.01-676.1(a) authorizes the trial court to set a bond amount, as it requires. We find no abuse of discretion in the court's denial of husband's bond motion.

III.

Both parties request costs and attorneys' fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to
> determine the propriety of an award of attorney's fees for efforts
> expended on appeal is clear. The appellate court has the
> opportunity to view the record in its entirety and determine
> whether the appeal is frivolous or whether other reasons exist for
> requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context,

and upon consideration of the entire record in this case, we hold that neither party is entitled to

costs or attorneys' fees in the matter.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.