COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judge Kelsey and Senior Judge Bumgardner

IAN DOUGLAS BROWN

                                                    MEMORANDUM OPINION*
v.      Record No. 2619-05-4                            PER CURIAM
                                                       MARCH 21, 2006
ROSA INES B. BROWN


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Jr., Judge

(Sean P. Kelly; Anne M. Heishman; Condo Roop Kelly & Byrnes,
P.C., on briefs), for appellant.

(Grant T. Moher; Shoun, Bach & Walinsky, P.C., on brief), for
appellee.


Ian Douglas Brown, father, appeals a decision of the trial court awarding Rosa Ines B.

Brown, mother, sole legal custody and primary physical custody of the parties' minor child. On

appeal, father contends the trial court erred by: (1) awarding mother sole legal custody of the child;

(2) awarding mother sole legal custody in contravention of Code § 20-124.2(B); (3) awarding

mother primary physical custody of the child; and (4) failing to consider the proper statutory code

sections pertaining to custody and visitation. Both parties request an award of attorney's fees and

costs incurred in this appeal. Upon reviewing the record and briefs of the parties, we conclude that

this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule

5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## BACKGROUND

The parties married in 2001 and had one child, born in 2003. They separated in July 2005. Also in July 2005, father filed a bill of complaint seeking a divorce and requesting sole legal and physical custody of the child. In a cross-bill of complaint, mother requested sole legal and physical custody of the child. On August 24 and 29, 2005, the trial court held a hearing on the issues of custody and visitation.

The evidence showed the parties resided in Virginia but took frequent, lengthy trips to Peru, where mother's family resides. Mother is a citizen of Peru. During the marriage, mother worked part-time as a fitness trainer and father worked full-time until April 2005, when he left full-time employment in order to spend time with the child.

Father testified that even when he was working, he was able to spend time at home caring for the child. He stated that when he did not care for the child, a nanny or a relative helped mother with the day-to-day child care duties while mother spent much of her time at the gym.

On July 12, 2005, without advising mother, father left the marital home, taking the child with him because he believed mother intended to move to Peru with the child. Later that same day, mother was served with father's bill of complaint for divorce, a motion to enjoin relocation and a motion for *pendente lite* custody. Father did not contact mother for about ten days and did not permit mother to visit the child until July 29, 2005. After that, he allowed mother only supervised visitation with the child.

Mother presented evidence that she was the primary caretaker for the child. She testified that during the past two years, several women had assisted her with domestic duties, such as cooking, cleaning, and occasional babysitting. However, mother stated the women were not nannies for the child. Mother testified she intended to continue to reside in the United States for the foreseeable future.

The trial court awarded mother primary physical custody and sole legal custody of the child. When announcing its ruling, the court specifically stated that it considered the best interests of the child and referenced Code § 20-124.2. The trial court found that both parents are "capable" and "loving" parents. However, the court found father showed "poor judgment" when he left the marital home, taking the child without advising mother of the child's location for ten days. The trial court further found that father's restriction that mother could have only supervised visitation with the child was "ridiculous" and that the parties had "communications problems." In addition, the court accepted mother's testimony that she did not intend to take the child to live permanently in Peru. During the hearing, the parties argued extensively about a contract they had signed concerning a custody agreement. However, the trial court specifically stated it did not consider the contract in its decision.[1]

Father appeals the trial court's decision.

## ANALYSIS

### I. Custody Award

> On appeal, we review the evidence in the light most favorable to the prevailing party below. . . . Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court.

Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

Code § 20-124.2(B) provides that the trial court may award joint custody or sole custody. When determining which parent should have custody the trial court must decide what is in the best interests of a child, and it is required to consider the factors listed in Code § 20-124.3. The trial court is not required to quantify or elaborate on what weight or consideration it has given to

---

[1] A contract between parents setting the terms of custody will not preclude a trial court from changing or modifying those terms, in sum or part, if necessary. Featherstone v. Brooks, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979).

each of the factors in Code § 20-124.3 or to weigh each factor equally. See Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995). The trial court is vested with broad discretion to safeguard and promote the child's interests, and its decision will not be reversed unless plainly wrong or without evidence to support it. See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

The record demonstrates that the trial court carefully considered and weighed the evidence and considered the best interests of the child and the factors set forth in Code § 20-124.3. In its ruling from the bench, the court elaborated on factors three, six, and seven of the statute. Furthermore, the trial court's order provides: "The [c]ourt considered the statutory factors set forth in the Code . . . ."

The record shows that both parents have a strong bond with the child and are loving and capable parents. In addition, as the trial court found, the parties have poor communications skills and display a lack of trust. These facets were demonstrated by father taking the child from the marital home without telling mother where the child was located for ten days, then imposing supervised visitation upon mother. The trial court was "particularly concerned" about father's display of "poor judgment" when he removed the child from the home. Father stated he feared mother would take the child to live in Peru permanently, but mother testified that was not her intention, and the trial court accepted her testimony. "[T]he trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*). The trial court also noted that future visits to Peru would be beneficial for the child because she has loving relatives in that country.

In addition, the court found that father's imposition of mother's supervised visitation was "ridiculous" and was without basis. In conclusion, the trial court found that the parties were not

"ideal candidates for joint custody" at this time.  In light of these facts, we find no error in the trial court's decision to award sole legal custody and primary physical custody with mother while providing substantial opportunities for visitation with father.

## II.  Statutory Factors

Father argues the trial court failed to consider the factors of Code § 20-124.3(3)-(7) and generally argues the trial court failed to consider the proper code sections pertaining to custody and visitation.  Code § 20-124.3 provides that a court making a custody or visitation determination "shall communicate to the parties the basis of the decision either orally or in writing."

As addressed above, the trial court stated that it considered Code § 20-124.2.  Code § 20-124.2 provides that the court shall consider the best interests of the child when making a custody determination, and Code § 20-124.3 lists the factors to consider when determining the best interests of the child.  In addition, the court order provided that the trial court considered the "statutory factors set forth in the Code."  However, assuming, without deciding, that the trial court's statements were insufficient to meet the statutory requirement that the court communicate to the parties the basis for its decision, father failed to make this objection to the trial court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Father endorsed the trial court's order:  "SEEN AND EXCEPTION NOTED AS TO:  1. Award of sole custody to [mother].   2. All rulings excepted to at trial, as reflected in the record. (Visitation agreed to)."  When the trial court announced its rulings and analysis from the bench, father did not contend that the trial court failed to comply with the provision of Code § 20-124.3

requiring it to set out the basis for its rulings, nor did he argue the trial court failed to consider any specific code sections. Had he done so, the trial court would have had the opportunity to provide its explanation in order to avoid a remand. Thus, we hold that, pursuant to Rule 5A:18, father waived his argument that the court failed to consider the factors enumerated in Code § 20-124.3 or that the court failed to inform the parties of the basis of its decision. See Torian v. Torian, 38 Va. App. 167, 186-87, 562 S.E.2d 355, 364-65 (2002) (under statute permitting award of spousal support for defined duration and requiring court granting such an award to make written findings including "the basis for the nature, amount and duration of the award," holding party not entitled to raise objection to sufficiency of explanation for first time on appeal).

Appellant asserts in his reply brief that we should consider this issue pursuant to the ends of justice exception to Rule 5A:18. However, because the trial court's award of custody was based on the evidence presented and the best interests of the child, and because the evidence presented related to the enumerated factors in Code § 20-124.3 and supported the trial court's custody award, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

### III. Attorneys' Fees

Both parties request costs and attorneys' fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon consideration of the entire record in this case, we hold that neither party is entitled to costs or attorneys' fees in the matter.

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>