COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Coleman


AJAI KUMAR SANDHIR
                                                    MEMORANDUM OPINION[*]
v.      Record No. 2382-06-4                              PER CURIAM
                                                         MARCH 13, 2007
NEETA AHUJA-SANDHIR


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

(Fred M. Rejali, on brief), for appellant.

(Robert G. Culin, Jr.; Culin, Sharp, Autry & Day, P.L.C., on brief),
for appellee.


Ajai Kumar Sandhir (husband) appeals the trial court's August 21, 2006 final decree of

divorce.  He contends the trial court erred in (1) imputing income to him for purposes of

determining spousal support; (2) denying his request for spousal support; and (3) not allowing him

to present evidence that Neeta Ahuja-Sandhir (wife) deserted the marriage.  Upon reviewing the

record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the trial court's decision.  See Rule 5A:27.[1]

## I.  Imputation of Income to Husband

Appellant argues that the trial court abused its discretion in imputing income of $125,000 to

him, when he had never earned more than $85,172 per year.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We deny wife's "Motion To Dismiss Appeal Based On Appellant's Failure to Comply
With Rules 5A:6 and 5A:19(f)."

Under appropriate circumstances, a trial court may impute income to a party who seeks spousal support. Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). The court "must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future,' not to what may happen in the future." Id. at 735, 396 S.E.2d at 679 (quoting Young v. Young, 3 Va. App. 80, 81-82, 348 S.E.2d 46, 47 (1986)). Unless the trial judge misapplies the legal standard or misallocates the burden of proof, the question "'[w]hether a person is voluntarily unemployed or underemployed is a factual determination,'" O'Hara v. O'Hara, 45 Va. App. 788, 798, 613 S.E.2d 859, 864 (2005) (quoting Blackburn v. Michael, 30 Va. App. 95, 102, 575 S.E.2d 780, 784 (1999)), one firmly placed "within the [sound] discretion of the trial court . . . ." Sargent v. Sargent, 20 Va. App. 694, 704, 460 S.E.2d 596, 601 (1995). Employing the most deferential standard of appellate review, we reverse factual findings "only if plainly wrong or not supported by credible evidence." Budnick v. Budnick, 42 Va. App. 823, 841, 595 S.E.2d 50, 59 (2004).

Husband is an internal medicine physician. He has earned as much as $85,172 per year during the marriage, but had only earned $30,000 to $32,000 in 2004 and $28,000 in 2005. Husband lost his $85,000 per year salary in 1993, because he failed to timely renew his medical license. Husband was unsuccessful in becoming board certified and has not attempted to become board certified since 1996.

Kathleen Sampeck, a vocational expert, testified that husband has at least fifteen years experience as a physician and is licensed in Maryland and Virginia. Sampeck testified that board certification enhances one's credentials, but it is not required to be employed as a physician. She testified husband had a private practice from 1997 to 2000, but in recent years has been temporarily employed earning $50 per hour. Husband has experience in internal medicine with family practices, occupational medicine, urgent care, working with weight loss patients, and performing immigration

physicals. Sampeck located numerous physician positions in Virginia and Maryland "without much effort" for which appellant would be qualified by his experience and credentials. Based on the positions she found available and husband's experience, Sampeck opined husband's earning capacity was $125,000 to $160,000 per year. She opined that the $85,000 and $73,000 husband earned about ten years ago would be equivalent to $125,000 in income today.

Husband testified he started a private practice during the years 1997 through 2000 but earned no income. That practice ended due to unfavorable litigation. In more recent years, he worked through a temporary agency to obtain employment as a physician. In 2004, he earned $30,000 to $32,000 and, in 2005, he earned around $28,000. He derived that income working for a temporary agency and for a physician who was reducing his practice. He testified he was unsuccessful in negotiating to purchase the practice of the retiring physician.

At the time of the evidentiary hearing, husband was unemployed. He testified he has attempted to find employment by looking through advertisements, contacting individuals, and browsing the Internet. He acknowledged having two or three interviews for full-time positions in 2004, and he testified he distributed approximately fifty resumes in 2005 and interviewed for approximately two permanent positions. He testified he was offered a position at a medical clinic in Maryland in the fall of 2005, but the position evaporated because "they changed their terms on the contract" and did not "want to pay the $30,000 or $40,000 to Headhunters."

The trial court, as fact finder, accepted Sampeck's testimony regarding husband's earning capacity. "'It is well established that the trier of fact ascertains [an expert] witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony.'" Piatt v. Piatt, 27 Va. App. 426, 434, 499 S.E.2d 567, 571 (1998) (quoting Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*)). In addition to her testimony, the trial judge considered evidence of husband's education, training, and

experience, the lack of any physical or mental impairment preventing him from working at his full capacity, circumstances concerning loss of his $85,000 per year job, and the quantity and quality of his efforts to obtain a full-time permanent position. This constitutes credible evidence to support the trial court's finding that husband was voluntarily underemployed and that it was equitable to impute $125,000 income to him. Accordingly, we cannot say the trial court's decision was plainly wrong or without evidence to support it.

## II. Spousal Support

Husband contends the trial court abused its discretion in denying him an award of spousal support from wife. Husband asserts that the trial court completely ignored the two specific factors set forth in Code § 20-107.1(E)(2) and § 20-107.1(E)(9), in rendering its decision. He argues the evidence was insufficient to support the denial of spousal support because wife supported him during the marriage and has an ability to pay spousal support.

The parties were married on February 5, 1991 and separated on October 9, 2004. They have joint legal custody of their two minor children, with wife maintaining the primary residence for the children. Husband and wife are physicians, and they are both in their forties and in good health. Husband is an internist, and wife is a board certified oncologist. Wife earns approximately $250,000 per year working full time for Kaiser Permanante.

"'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

Here, the record shows the trial court, having determined husband was voluntarily underemployed and imputing an income of $125,000 per year to him, refused to award spousal

- 4 -

support. The trial court heard evidence regarding the obligations, needs, and financial resources of the parties; the standard of living during the marriage; the duration of the marriage; the parties' ages and physical and mental conditions; their monetary and non-monetary contributions to the well-being of the family; the property interests of the parties; and husband's earning capacity and present employment opportunities. Having heard evidence on the relevant factors contained in Code § 20-107.1(E), the trial court denied an award of spousal support to husband.

Husband argues "[t]here is no evidence or written finding [as required by Code § 20-107.1(F)] which would indicate that the court has considered [the] factors [in Code § 20-107.1(E)(2) and (E)(9)] and there is no mention of them in the court decision." Code § 20-107.1(F) provides in pertinent part as follows: "In contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order."

We conclude that husband failed to preserve for appeal an objection to the trial court's failure to provide that written explanation. In endorsing the trial court's order, husband objected to the trial court's denial of spousal support as follows:

> [T]he judge did not consider the parties' standard of living and the fact that Defendant was being cared for by the plaintiff. This was also against the weight of the evidence and failed to take into consideration that plaintiff testified that she was not working to her fullest potential. Objection to denial of spousal support being gender bias and to the Court not allowing evidence of desertion/abandonment into evidence and to the limit on reservation of support.

Husband did not object to the judge's failure to comply with the provision of Code § 20-107.1(F). Had he done so, the trial court would have had the opportunity to explain its ruling in order to avoid a remand. The purpose of Rule 5A:18, requiring contemporaneous objection, is "to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to

- 5 -

intelligently consider an issue and, if necessary, to take corrective action." Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*); see also Torian v. Torian, 38 Va. App. 167, 186-87, 562 S.E.2d 355, 364-65 (2002) (holding that, although "written findings" are required by Code § 20-107.1(F) and the statute permits award of spousal support for defined duration if written findings "identify the basis for the nature, amount and duration of the award," a general objection to entry of award for defined duration did not preserve for appeal later objection that written explanation was insufficient).

Because credible evidence in this record supports the trial court's decision, we cannot find it was plainly wrong or without evidence to support it.

### III.  Evidence of Desertion

Husband contends the trial court erred in refusing to allow him to introduce evidence that wife deserted him as relevant to determining whether to award spousal support.

The record shows that while husband noted an objection on the final divorce decree "to the Court not allowing evidence of desertion/abandonment," he failed to make any objection during trial at the time the evidence was allegedly offered and the trial court made its ruling.  The record indicates that, when husband's counsel asked husband if he did everything he could to save the marriage, the trial court asked counsel how the evidence was relevant.  After a colloquy between counsel and the court, husband's counsel stated, "I'll withdraw that question."  Husband did not argue to the trial court at the time the evidence was offered that he should be permitted to introduce evidence of wife's alleged desertion because it was relevant to a spousal support determination.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice."  Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18).  "To be

- 6 -

timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986). Because the objection noted on the final decree was not timely, Rule 5A:18 bars our consideration of this issue on appeal. In addition, "[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). The record does not support application of exceptions for good cause or to meet the ends of justice. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

For these reasons, we summarily affirm the trial court's decision.

Affirmed.