COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Senior Judge Coleman
Argued at Richmond, Virginia


BONNIE F. McCAULEY

MEMORANDUM OPINION* BY
v.        Record No. 0546-07-2                                  JUDGE SAM W. COLEMAN III
FEBRUARY 19, 2008
RAY P. McCAULEY, JR.


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge

Frankie C. Coyner for appellant.

Ralph E. Main, Jr., for appellee.


Bonnie F. McCauley (wife) appeals from the trial court's final order granting a divorce to

Ray P. McCauley, Jr. (husband).  On appeal, wife contends the trial court erred by:  (1) granting

husband a divorce on the ground of wife's desertion; (2) awarding her less than fifty percent of the

marital property; (3) awarding her "an artificially low" amount of spousal support for a defined

duration; (4) not assessing to husband part of the cost she paid for an appraisal of the parties'

personal property; and (5) awarding husband one-half of her Virginia Retirement System (VRS)

pension account.  Husband requests attorney's fees and costs incurred in this appeal.  We affirm the

trial court's judgment and deny husband's request for an award of attorney's fees.

Background

Husband and wife married in January 1986 and first separated in January 2005.  Husband

testified he confronted wife after observing her commit a sex act with another man.  Husband stated

that wife indicated she wanted a divorce and she left the marital residence, moving into a motel

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

where she stayed for one to two weeks. Husband visited wife at the motel, told her he forgave her, and asked her to return to the marriage. Wife moved back to the marital home for a short period of time, then she left again, never returning to the marital home. The trial court granted husband a divorce based on wife's desertion.

The parties had no children, and both parties worked during the marriage. Husband was employed in several hourly positions during the marriage, including a job at ConAgra where he had a pension plan. In October 2000, husband started a waste disposal service. Husband worked in the business transporting waste to the landfill, and wife performed the bookkeeping, billing, and office duties. Before working in the waste disposal business, wife worked at a state university, a medical practice, and an insurance agency doing clerical and bookkeeping work. Wife had a retirement fund with VRS as a result of working at the state university.

Husband testified that when wife left the marriage, she took with her some of the records of the waste disposal business. As a result of having incomplete records, husband had to file for an extension of time to file taxes, he incurred costs associated with obtaining bank records, and he had inaccurate billing information for his customers. Husband's accountant testified it took two to three months to organize the financial records of the business.

Wife testified she began to experience back problems in 2001 and she could no longer work outside the home. Wife also stated that she suffers from numerous other medical conditions. At the time of the hearing, wife was receiving social security disability income. Wife testified that her only sources of monthly income were the $1,028 social security disability payment and $321 in *pendente lite* spousal support for a total monthly income of $1,349. She testified her monthly expenses were $2,962.16. Husband presented evidence that, after deducting living expenses, he had a positive balance of $317 per month.

The parties acquired a house during the marriage and, at the time of the divorce, had money deposited in several accounts. The trial court found that both parties had contributed "about equally" to the monetary well-being of the family and had made equal non-monetary contributions to the well-being of the family. The trial court awarded husband fifty-five percent of the marital property and awarded wife forty-five percent of the marital property. The court also divided the value of the waste disposal service in these same percentages. The trial court ordered that wife was entitled to one-half of husband's pension from ConAgra which will not vest until age sixty-seven and one-half. The trial court also divided wife's VRS pension evenly between the parties.

Wife paid $2,000 to have the parties' personal property appraised, and she asked the trial court to order husband to pay a portion of the appraisal fees. The trial court denied wife's request, ruling that each party was responsible for the costs of any appraisers hired by that party.

The trial court awarded wife $250 in monthly spousal support for thirty-six months, citing the circumstances contributing to the dissolution of the marriage, the standard of living during the marriage, the lack of medical evidence to prove the degree or duration of wife's disability, wife's social security disability income, the division of the marital property, contributions to the well-being of the family, and the obligations, needs, and financial resources of the parties.

Wife appeals the trial court's decision.

### Analysis

Wife argues the trial court erred by granting husband a divorce on the ground that she deserted the marriage.

We view the evidence in the light most favorable to husband, who prevailed below. Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). The choice of divorce grounds is submitted to the sound discretion of the trial court and will be affirmed absent an abuse of that discretion. See Konefal v. Konefal, 18 Va. App. 612, 613-14, 446 S.E.2d 153, 153 (1994).

Code § 20-91(A)(6) provides for a divorce "[w]here either party . . . willfully deserted or abandoned the other . . . ." Desertion consists of "'the breaking off of the matrimonial cohabitation,'" and "'an intent to desert in the mind of the offender.'" Brawand v. Brawand, 1 Va. App. 305, 309, 338 S.E.2d 651, 653 (1986) (quoting Nash v. Nash, 200 Va. 890, 893, 108 S.E.2d 350, 352 (1959)). The burden of proof in desertion cases is by a preponderance of the evidence. See Bacon v. Bacon, 3 Va. App. 484, 490, 351 S.E.2d 37, 40 (1986).

After husband accused wife of having a sexual encounter outside the marriage in January 2005, wife indicated she wanted a divorce and she broke off marital cohabitation when she moved into a motel. Husband forgave wife and attempted on numerous occasions to persuade her to return to the marital home. She returned for a short period of time, then left again and never returned. Based on these facts, substantial, credible, and competent evidence supports the trial court's finding that wife left the marital residence with the intent to desert her husband. Although wife presented evidence that she was justified in leaving the marital residence, the trial court did not accept her evidence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Therefore, the trial court did not abuse its discretion by granting husband a divorce on the basis of wife's desertion.

Wife contends the trial court erred by awarding her forty-five percent of the marital assets, arguing that she should have received fifty percent of the marital assets.

In reviewing an equitable distribution award we defer to the trial court's discretion in weighing the particular circumstances of each case. Aster v. Gross, 7 Va. App. 1, 8, 371 S.E.2d 833, 837 (1988). "Only under exceptional circumstances will we interfere with the exercise of the trial court's discretion." Id. (citation omitted). The trial court's determination will be reversed only

upon a showing in the record that the court has abused its discretion by misapplying the statutory factors in Code § 20-107.3(E). Anderson, 29 Va. App. at 693, 514 S.E.2d at 379.

"Virginia law does not establish a presumption of equal distribution of marital assets. It is within the discretion of the court to make an equal division or to make a substantially disparate division of assets as the factors outlined in Code § 20-107.3(E) require." Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998) (citations omitted).

In its opinion letter, the trial court discussed the factors listed in Code § 20-107.3, acknowledging wife's monetary contributions to the marriage and her contributions to the waste disposal business. The trial court found that the parties contributed "about equally" to the monetary well-being of the family and contributed equally on a non-monetary basis. The trial court further found that the parties contributed equally to the acquisition and care of the marital property and noted that neither party had dissipated marital funds.

As wife correctly asserts, the trial court considered the circumstances of the dissolution of the marriage when making the equitable distribution award. However, this was a "permissible consideration" under Code § 20-107.3(E)(5) for equitable distribution purposes. Robbins v. Robbins, 48 Va. App. 466, 481, 632 S.E.2d 615, 623 (2006). "[F]actors and circumstances leading to the dissolution of the marriage may be considered during equitable distribution--even if those factors have no financial impact on the marriage--as long as those factors detracted from the overall 'marital partnership.'" Ranney v. Ranney, 45 Va. App. 17, 46-47, 608 S.E.2d 485, 499 (2005) (citing O'Loughlin v. O'Loughlin, 20 Va. App. 522, 528, 458 S.E.2d 323, 326 (1995)). Furthermore, the trial court specifically addressed other Code § 20-107.3(E) factors and expressly predicated his decision upon them. "When dealing with discretionary decisions, only 'when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Robbins, 48 Va. App. at 482, 632 S.E.2d at 623 (quoting Hernandez-Guerrero v. Commonwealth, 46 Va. App.

366, 370, 617 S.E.2d 410, 412 (2005)).  Accordingly, we hold the trial court did not abuse its discretion in making the equitable distribution award.

Wife contends the trial court erred by making a defined duration spousal support award, arguing that the trial court intended to punish her for her conduct during the marriage.  Wife also asserts that the amount of the monthly spousal support award was artificially low.

Code § 20-107.1(C) provides that "[t]he court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof."

"In determining spousal support, the trial court's consideration must include earning capacity, obligations, needs, the property interests of the parties, and the provisions if any, made with regard to marital property."  Goetz v. Goetz, 7 Va. App. 50, 51, 371 S.E.2d 567, 567 (1988) (citing Code § 20-107.1).  In addition, Code § 20-107.1(E) provides that the trial court "shall consider the circumstances and factors which contributed to the dissolution of the marriage" when awarding spousal support.

The record shows the trial court considered the factors of Code § 20-107.1(E) when making the spousal support award, specifically noting that, although wife was disabled at the time of the divorce, she presented no medical evidence to prove the duration of her disability.  Wife was earning $30,000 per year in 2001 when she left her job for health reasons.  In addition, the parties maintained a modest lifestyle and wife received forty-five percent of the marital assets and of the waste disposal business.  Wife also receives a monthly disability payment of $1,028.

Nothing in the record indicates the trial court intended to punish wife based on her conduct during the marriage when it determined the spousal support award.  Rather, the record shows the trial court properly considered the statutory factors, including her income prior to becoming disabled, the parties' lifestyle, and the lack of proof that her disability was permanent.  The

possibilities advanced by wife, that she may have a need for continuing support if her physical and economic conditions do not improve after thirty-six months, "are possibilities inherent in many spousal support situations." Torian v. Torian, 38 Va. App. 167, 184, 562 S.E.2d 355, 364 (2002). Furthermore, pursuant to Code § 20-109(B), the trial court may consider a modification of the spousal support award upon petition of either party "filed within the time covered by the duration of the award." Thus, we affirm the spousal support award.

Wife paid $2,000 for an appraisal of the parties' tangible personal property. She argues that the trial court erred by denying her request to assess one-half of this cost to husband. However, husband did not request an appraisal of the parties' property. Rather, wife chose to have the appraisal conducted. "The allotment of costs and attorney's fees is a matter within the sound discretion of the trial court." D'Auria v. D'Auria, 1 Va. App. 455, 461, 340 S.E.2d 164, 167 (1986) (citing Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976), and Code § 20-99). We cannot say the trial court abused its discretion by ordering that each party was responsible for his or her respective costs in preparing for trial.

Wife contends the trial court erred by failing to "adjust downward" husband's interest in her VRS retirement account where husband's ConAgra pension had no value as of the date of the hearing. In her argument, wife asserts that husband's ConAgra pension is "presumably lost" because the ConAgra plant where husband was employed is now closed. However, the record does not support this assumption. Husband testified he believed he would be eligible to receive retirement benefits from ConAgra when he reached age sixty-seven and one-half. Husband also testified that he did not know the value of the ConAgra pension.[1] However, no evidence was presented indicating that the ConAgra pension ceased to exist. Moreover, how to divide the marital

---

[1] "If a trial court orders deferred distribution of the marital share of the pension, it need not determine the pension's present value." Torian, 38 Va. App. at 177, 562 S.E.2d at 30-31 (citing Johnson v. Johnson, 25 Va. App. 368, 374, 488 S.E.2d 659, 662 (1997)).

share of wife's VRS pension, as with any other asset, rested within the sound discretion of the trial court, subject to the limitations of Code § 20-107.3(G) and upon consideration of the Code § 20-107.3(E) factors. Torian, 38 Va. App. at 181, 562 S.E.2d at 362. We cannot say the trial court abused its discretion in dividing wife's VRS pension.

Husband requests an award of his costs and counsel fees expended in this appeal. Although husband prevailed, he offers no reason to require wife to pay any of his appellate expenses. In addition, nothing in the record indicates wife "generated unnecessary delay or expense in pursuit of [her] interests." Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004). Therefore, we deny husband's request for appellate attorney's fees and costs. See O'Loughlin, 23 Va. App. at 695, 479 S.E.2d at 100.

Accordingly, the decision of the trial court is affirmed.

Affirmed.