COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


VICKY SCOTT McGINNISS

                                                         OPINION BY
v.        Record No. 0498-06-2          CHIEF JUDGE WALTER S. FELTON, JR.
                                                    DECEMBER 28, 2006
JOHN L. McGINNISS


               FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
                           Horace A. Revercomb, III, Judge

          Lawrence D. Diehl for appellant.

          R. Scott Pugh for appellee.


          Vicky Scott McGinniss ("wife") contends that the trial court erred in its award to her of

her marital share of John L. McGinniss' ("husband") federal Civil Service Retirement System

("CSRS") pension benefits.  Specifically, she argues that the trial court erred in entering its Court

Order Acceptable for Processing ("COAP")[1] limiting her marital share of husband's CSRS

pension to a fixed amount calculated as if husband retired on the date of separation, July 10,

2001, rather than when he actually retired and became eligible to receive his pension; in failing

to award her the survivor annuity benefit under husband's CSRS pension; and in failing to

"re-refer the issue of the Commissioner in Chancery's failure to recommend or address . . .

[appellant's] survivor annuity benefit request" from husband's CSRS pension.  Both parties

request attorney's fees on appeal.  We affirm in part, reverse in part, and remand.

---

[1] A COAP is similar to a Qualified Domestic Relations Order ("QDRO"), required by
federal law to distribute a marital share of a party's federal pension.

BACKGROUND

On appeal, we view the evidence in the light most favorable to husband, the prevailing party below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). So viewed, the record reflects that husband was employed by the United States government and entered the CSRS pension system in May 1966. Husband and wife were married in 1969, separated in 2001, and divorced in February 2006, after 37 years of marriage. At the time the parties separated, wife was 52 years old. Husband was 56 years old and was a GS-12 on the federal pay-scale, earning $65,588 annually. While husband traveled for extended periods of time in his employment, wife "took care of [their] children, their school work, everything." Wife also worked outside the home throughout the marriage, operating a small beauty parlor. The parties owned a Southern Farm Bureau IRA Annuity issued to wife. Wife owned no other separate retirement plan or funds, but was eligible for Social Security Benefits. Husband's enrollment in CSRS precluded his eligibility for Social Security Benefits. Following the parties' separation, husband changed the beneficiary of his Federal Employee Group Life Insurance ("FEGLI") policy from wife to the parties' son.

The trial court referred matters related to equitable distribution of the parties' assets to a commissioner in chancery ("commissioner"). At the commissioner's hearing, both parties presented evidence and subsequently filed memoranda of law outlining their respective positions. Wife's memorandum asserted that "[i]t seems clear that after 32 years of marriage and with no security for her future, [she] is entitled to 50% of the marital share of [husband's CSRS] pension, *if as[,] and when he collects it.*" (Emphasis added). She requested the court award her a marital share of husband's CSRS pension benefits pursuant to Code § 20-107.3(G)(2).

In his report to the trial court, the commissioner reported that:

> Calculations relating to Mr. McGinniss' defined benefit plan, the
> annuity plan purchased for Ms. McGinniss and her social security

report are in evidence. Although not necessary for the purpose of this report, the present value calculation of the marital share of his [CSRS pension] is $619,000. The computed value of the annuity purchased for her retirement, and still being funded by the parties at $75.00 per month, is $26,707 at her age 62 and $32,905 at her age 65. She is eligible for social security benefits, as well.

Upon consideration of the section 20-107.3(E) factors . . . she is awarded 50% of the marital share of his [CSRS pension], and the annuity is allocated and is to be transferred to her; she will be responsible for the remaining monthly payments.

In her exceptions to the commissioner's report, wife asserted that the commissioner failed to address her request for survivor annuity benefits under husband's CSRS pension. Following a hearing on the exceptions, the trial court affirmed the commissioner's report as presented. Wife then filed a "Motion to Reconsider or Re-Refer For Commissioner in Chancery to Clarify Recommendations" related to the survivor annuity benefit under husband's CSRS pension. After a hearing, the trial court denied wife's motion. Thereafter, each party presented a draft COAP to the trial court. In its final decree, the trial court adopted and entered the COAP provided by husband. That COAP did "not award the [wife] any entitlement in the [CSRS pension] Survivor Annuity," and determined wife's marital share of husband's CSRS pension to be 50% of the marital share of husband's gross monthly annuity benefit "*as if [husband] retired on July 10, 2001, the separation date of the parties.*" (Emphasis added). Wife noted her exceptions to the COAP entered by the trial court. This appeal followed.

ANALYSIS

On appeal, "[a] decision regarding equitable distribution rests within the sound discretion of the trial court and will not be disturbed unless it is plainly wrong or without evidence to support it." Holden v. Holden, 31 Va. App. 24, 26, 520 S.E.2d 842, 844 (1999) (citing McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994)). "Unless it appears from the

record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Id. at 27, 520 S.E.2d at 844.

I.

Wife contends that pursuant to Code § 20-107.3(G)(1) and Primm v. Primm, 12 Va. App. 1036, 407 S.E.2d 45 (1991), the trial court was required to apply the deferred distribution approach to calculate her marital share of husband's CSRS pension. She asserts that the trial court erred as a matter of law by excluding the increase in value of husband's CSRS pension in the years following the parties' July 10, 2001 separation. Husband argues that any post-separation increase in the value of his CSRS pension would be based solely on his personal efforts, and is his separate property not subject to equitable distribution.

"Pensions constitute an 'unusual type of property in that, in most cases, the pension benefits are "future oriented"' and not 'readily susceptible to valuation or distribution at the time of an evidentiary hearing.'" Banagan v. Banagan, 17 Va. App. 321, 324, 437 S.E.2d 228, 231 (1993) (quoting Gamble v. Gamble, 14 Va. App. 558, 565-66, 421 S.E.2d 635, 640 (1992)). Code § 20-107.3(G)(1) provides, in relevant part:

> The court may direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits . . . whether payable in a lump sum or over a period of time. . . . However, the court shall only direct that payment be made as such benefits are payable. . . . "*Marital share*" *means that portion of the total interest*, the right to which was earned during the marriage and before the last separation of the parties . . . .

(Emphasis added). We have interpreted Code § 20-107.3's language to be

> mandatory and . . . implemented through the use of a simple formula. The number of years that the spouse was in the pension plan while in the marriage serves as the numerator and the total number of years in the pension plan serves as the denominator. This fraction establishes the marital share of the pension as defined by the statute.

Mosley v. Mosley, 19 Va. App. 192, 198, 450 S.E.2d 161, 165 (1994) (citing Primm, 12

Va. App. at 1037, 407 S.E.2d at 46). However, "the trial court may not direct that pension

benefits be paid prior to the time they are actually received by the party against whom the

judgment is rendered." Gamble, 14 Va. App. at 585, 421 S.E.2d at 651 (citing Primm, 12

Va. App. at 1037, 407 S.E.2d at 46).

"We have recognized two methods for valuing and dividing a defined benefit plan . . . ."

Torian v. Torian, 38 Va. App. 167, 176, 562 S.E.2d 355, 360 (2002). Under the "'immediate

offset approach,'" the trial court determines the present value of the marital share of the benefits

and considers this value in making the monetary award. Id. (quoting Gamer v. Gamer, 16

Va. App. 335, 342-43, 429 S.E.2d 618, 624 (1993)). Under the "deferred distribution approach,"

the trial court awards "a percentage of the marital share of the pension, in which case *payment is

to be made only as retirement benefits are paid*." Gamer, 16 Va. App. at 342-43, 429 S.E.2d at

624 (emphasis added). "If a trial court orders deferred distribution of the marital share of the

pension, it need not determine the pension's present value." Torian, 38 Va. App. at 177, 562

S.E.2d at 360. Furthermore, we have previously "rejected limitation of a pension award, payable

in the future, to a 'present value calculation' because it denied the benefit of 'future earnings and

adjustments that are attributable to the . . . deferred share' and its 'future appreciation.'"

Banagan, 17 Va. App. at 325, 437 S.E.2d at 231 (quoting Zipf v. Zipf, 8 Va. App. 387, 397, 382

S.E.2d 263, 268-69 (1989)). "It is only fair that both parties share in the increased value of the

pension. There can be no justification for [husband] receiving the increase in value of his

. . . share as well as any increase in [wife's] . . . share." Primm, 12 Va. App. at 1038, 407 S.E.2d

at 47.

> Under Virginia law, it is well established that the marital portion of
> a defined benefit plan is distinguished from the separate portion by
> the application of a fraction, the numerator of which represents the
> total time the pensioner is employed during the parties' marriage,

and the denominator of which represents the total time the pensioner is employed through the date of retirement. The fraction diminishes the marital share in relation to the number of years that pre-and post-marital contributions are made. Thus, as applied, the fraction effectively excludes from the marital share the income earned by pre-and post-marital contributions to the pension.

Mann v. Mann, 22 Va. App. 459, 464-65, 470 S.E.2d 605, 607-08 (1996) (citations omitted).

While the trial court "must be given flexibility to determine which method of distribution to utilize in a given case," Gamble, 14 Va. App. at 585, 421 S.E.2d at 651 (citing L. Golden, Equitable Distribution of Property § 6.16 (1983 & Supp. 1991)), "*[a] present value calculation is of direct use only where payment of the portion of the monetary award attributable to the pension is to occur immediately rather than over a period of time.*" Zipf, 8 Va. App. at 397, 382 S.E.2d at 268 (citations omitted) (emphasis added).

In adopting husband's COAP, the trial court limited wife's marital share award to 50% of the present value as if husband retired on the date of separation, plus periodic cost of living increases. Wife's expert established the present value of husband's CSRS pension as of July 2002 to be $672,472.08, and the "marital share" to be $619,010.55.[2] The commissioner noted in his recommendations that a present value calculation was "not necessary for the purpose of [his] report." He recommended to the trial court that wife be awarded "50% of the marital share of [husband's] retirement plan." The COAP entered by the trial court applied a fractional formula that determined the numerator to be the "total number of months of creditable service earned under the CSRS during the marriage (from March 5, 1969 to July 10, 2001)," and the denominator to be the "total number of months of [husband's] creditable service accrued under the [CSRS] as of July 10, 2001." The order specifically provided that "any salary adjustments

---

[2] Wife's expert calculated the marital share assuming husband retired on July 1, 2002, the valuation date, and would therefore be eligible to receive his CSRS pension payments beginning on that date.

that occur after July 10, 2001, shall not be incorporated into the calculation of [wife's] share of the employee annuity."

We conclude that the trial court erred in entering the COAP because that order limited wife's marital share of husband's pension to a present value calculation. See Gamer, 16 Va. App. at 342-43, 429 S.E.2d at 624; Primm, 12 Va. App. at 1038, 407 S.E.2d at 46-47. We have previously determined a present value calculation is of "direct use only where payment of the portion of the monetary award attributable to the pension is to occur immediately rather than over a period of time." Zipf, 8 Va. App. at 397, 382 S.E.2d at 268 (citations omitted). It is uncontested that any pre-marital or post-separation contributions to the pension by husband would be his separate property. However, the delay in payment to wife of her marital share of husband's pension until he retired and became eligible to receive his pension "diminishes the marital share in relation to the number of years that pre-and post-marital contributions are made" and effectively "excludes from the marital share the income earned by pre-and post-marital contributions to the pension." Mann, 22 Va. App. at 465, 470 S.E.2d at 607-08.

Here, the trial court erred by valuing wife's marital share of husband's pension as if husband retired on the date of the parties' separation, even though husband was not eligible to receive pension payment on that date, and he made no lump sum payment to wife of the present value of the marital share. Accordingly, we find that the trial court abused its discretion by limiting wife's share of husband's pension to 50% of the present value calculation as if husband had retired on the date of separation. See Banagan, 17 Va. App. at 325, 437 S.E.2d at 231 (citations omitted).

## II.

Wife also contends the trial court erred in failing to award her the survivor annuity benefit under husband's CSRS pension and in failing to "re-refer" the commissioner's failure to

address wife's request for that survivor annuity benefit. On this record, we find no error on the part of the trial court.

In its award to wife, the trial court stated that "the annuity is allocated and is to be transferred to her; she will be responsible for the remaining monthly payments." Wife contends that this language in the commissioner's report, adopted by the trial court, impliedly referred to the CSRS pension survivor annuity that "would be awarded to [wife] but at her cost." Husband contends that the trial court's language referred to the Southern Farm Bureau IRA Annuity, and not to the survivor annuity benefit under the CSRS.

Code § 20-107.3(G)(2) provides, in relevant part:

> To the extent permitted by federal or other applicable law, the court *may* order a party to designate a spouse or former spouse as irrevocable beneficiary during the lifetime of the beneficiary of all or a portion of any survivor benefit or annuity plan of whatsoever nature, but not to include a life insurance policy. The court, in its discretion, shall determine as between the parties, who shall bear the costs of maintaining such plan.

(Emphasis added). Wife argues that husband represented to the commissioner that "[t]here is no need for a life insurance policy on Husband as Wife will have survivor annuity on his CSRS" and that "accordingly, he should not be permitted to take a contrary position on the issue from that clearly set forth in his memo to the commissioner." However, no evidence was presented to the commissioner related to the CSRS survivor annuity benefit. No evidence was presented as to its costs, how those costs were to be paid, or any details as to when that annuity would be paid to wife. On the other hand, the record contains clear reference to the Southern Farm Bureau IRA Annuity owned jointly by the parties, requiring a $75 monthly premium payment, and valued at $26,707 at wife's age 62 and $32,905 at wife's age 65. In his report, the commissioner stated that "the annuity is allocated and is to be transferred to her; she will be responsible for the *remaining* monthly payments." (Emphasis added). The commissioner's language was a clear

- 8 -

reference to the Southern Farm Bureau IRA Annuity, awarded to wife, who would be required to assume the remaining monthly payments to maintain that annuity. On this record, we find no abuse of discretion in the trial court's failure to award wife the CSRS survivor annuity benefit, and in not re-referring that issue to the commissioner for further consideration.

III.

Both husband and wife seek attorney's fees and costs on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and on consideration of the record before us, we hold neither party is entitled to an award of attorney's fees and costs incurred in this appeal. "[W]e find the litigation addressed appropriate and substantial issues . . . ." Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004). Therefore, each party's request for an award of fees and costs on appeal is denied.

CONCLUSION

On this record, we find that the trial court abused its discretion in limiting wife's marital share of husband's CSRS pension benefits to a fixed amount as if husband had retired on the date of separation. We affirm the trial court's decision awarding the Southern Farm Bureau IRA Annuity to wife and not awarding wife the survivor annuity benefit under husband's CSRS pension plan. We deny both parties' request for an award of attorney's fees and costs.

We remand to the trial court for redetermination of wife's marital share of husband's pension benefits consistent with Code § 20-107.3(G), and any redetermination of its equitable distribution award as may then be appropriate.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>