COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


JAMES J. D'AMBROSIO
                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0494-07-4            CHIEF JUDGE WALTER S. FELTON, JR.
                                              FEBRUARY 19, 2008
DEBRA M. FOWLER


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

Karen C. Davis (Dawn H. Titus-Rogan; Law Offices of Karen C.
Davis, on brief), for appellant.

David M. Zangrilli, Jr. (J. Patrick McConnell; Odin, Feldman &
Pittleman, P.C., on brief), for appellee.


        James D'Ambrosio (father) appeals the trial court's order awarding primary physical

custody of "D," then five years old, to Debra Fowler (mother).  Father contends the trial court

abused its discretion when it (1) failed to consider whether the reduction of time and

communication with father produced by the custody order was in D's best interests;

(2) unconstitutionally preferred a religious school for D to attend over father's objections;

(3) adopted mother's proposed order governing custody, visitation, and medical decision making

authority for D without first having heard evidence or ruling on those matters; (4) failed to

deviate from the statutory child support guidelines taking into account father's travel costs for

visitation travel and mother's lack of housing costs; (5) unconstitutionally restrained father's

right to attend special events involving D; and (6) awarded mother attorney's fees incurred at

trial.  For the reasons that follow, we affirm the judgment of the trial court.

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

As the parties are fully conversant with the record below and this opinion bears no precedential value beyond this litigation, we cite only those facts necessary to our disposition of this appeal.[1]

## I.  BACKGROUND

"When a trial court hears evidence at an *ore tenus* hearing, its factual findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support them."  D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005) (citing Wheeler v. Wheeler, 42 Va. App. 282, 288, 591 S.E.2d 698, 701 (2004)); see also, Ferguson v. Grubb, 39 Va. App. 549, 557, 574 S.E.2d 769, 772 (2003) (noting that, on appeal, the trial court's ruling is "'peculiarly entitled to respect for [it] saw the parties, heard the witnesses testify and was closer in touch with the situation than the [appellate] Court, which is limited to a review of the written record'" (quoting Sutherland v. Sutherland, 14 Va. App. 42, 44, 414 S.E.2d 617, 618 (1992))).

The evidence established that when she was fifteen months old, the trial court awarded mother and father joint legal and shared physical custody of D.  The trial court established an alternating visitation schedule whereby D spent two weeks with mother in New York, followed by two weeks with father in Virginia.

Both mother and father recognized that the prior visitation schedule, based upon shared physical custody of D, was feasible only until D began school.  In May 2006, and in anticipation of D beginning kindergarten, both parties sought primary physical custody of D.  The trial court conducted a two-day *ore tenus* hearing, receiving evidence and testimony from the parties and their witnesses, including exhibits regarding their respective financial circumstances.  Father and

---

[1] See D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 329-31, 610 S.E.2d 876, 879-81 (2005).

mother were unable to agree on a schedule for visitation. Each presented separate proposed custody orders to the trial court. The trial court found mother's proposed custody order to be "more in line" with its ruling. The trial court entered its custody order in January 2007, awarding primary physical custody of D to mother. Father was awarded visitation on designated weekends, holidays, and for a portion of D's summer vacation. He timely appealed.

## II. ANALYSIS

### A. Custody

Father contends the trial court erred in awarding primary physical custody of D to mother. He argues the trial court's emphasis on D's relationship with her older sister, "S," then ten years old, was misplaced. He contends the trial court failed to also consider the close relationship D shared with her male teenage cousins, then ages thirteen, fifteen, and seventeen. Father also contends the trial court erred in crediting mother with seeking professional assistance for D's speech problem, arguing he was prevented by court order from making medical appointments for D. Finally, father contends the trial court's decision to grant custody to mother was based on erroneous findings that the schools proposed for D to attend in Virginia and New York were comparable.

"In issues of child custody, 'the court's paramount concern is always the best interests of the child.'" Vissicchio v. Vissicchio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998) (quoting Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990)). "In determining what custodial arrangement serves the best interests of a child, the court must consider the factors enumerated in Code § 20-124.3." Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 883 (2003). However, while "'Code § 20-124.3 requires the trial court to identify the fundamental predominating reason or reasons underlying its decision[,]'" the trial court is not required "'to address all aspects of the decision making process, as one would expect from comprehensive findings of fact and conclusions of law.'" Id. at 555, 586 S.E.2d at 883 (quoting

- 3 -

Kane v. Szymczak, 41 Va. App. 365, 373, 585 S.E.2d 349, 353 (2003)). "[T]here is a presumption on appeal that the trial court thoroughly weighed all of the evidence, considered the statutory requirements, and made its determination based on the child's best interests." D'Ambrosio, 45 Va. App. at 335, 610 S.E.2d at 882. "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Our review of the record reflects that the trial court considered the parties' evidence relative to the statutory factors enumerated in Code § 20-124.3[2] and articulated its predominating reasons for granting primary physical custody of D to mother. From the extensive evidence it heard, it found D's relationship with S, and mother's superior ability to assess D's needs, to be significant. It noted no significant differences in the elementary schools in New York and Virginia. Inherent in the trial court's ruling is its recognition that granting primary physical custody to mother would result in D spending less time with father. Evidence in the record demonstrates that the trial court considered D's best interests when it made its custody award. We conclude the trial court did not abuse its discretion in granting primary physical custody of D to mother.

We also conclude from our review of the record that the trial court did not unconstitutionally use religious preference in granting primary physical custody of D to mother. Father argues that the religious affiliation of the school D was to attend in New York was a significant factor in the court's custody award by finding that it was comparable to the public

---

[2] The General Assembly established several statutory factors in Code § 20-124.3 for the trial court to consider in determining whether child custody and visitation is in the best interests of the child. Some of those factors include: the age and physical and mental condition of the child; the ability of each parent to accurately assess and meet the emotional, intellectual, and physical needs of the child; and the needs of the child giving due consideration to the other important relationships of the child including siblings, peers, and extended family members.

school in Virginia, where father would enroll D if granted primary physical custody.  There is no evidence in the record to support his contention.  The trial court's finding that the New York and Virginia schools D would attend were comparable is supported by credible evidence in the record.

Moreover, we find no constitutional violation where a custodial parent determines a religiously-affiliated school is the appropriate choice for the child while in that parent's custody.  See Roberts v. Roberts, 41 Va. App. 513, 531, 586 S.E.2d 290, 299 (2003) (Felton, J., concurring in part, dissenting in part) ("In the case of custody and visitation of children by divorced parents, each parent has the right to educate the children, including in the parent's religious beliefs, without government intervention, except where there is a compelling government interest requiring such intervention, such as the physical and mental well-being of the children." (citing Wisconsin v. Yoder, 406 U.S. (205, 230 (1972))).  Finding no evidence in the record that the physical or mental well-being of D is at risk, or that father will be prevented from educating D in his religious beliefs while she is in his custody, we find no constitutional violation in permitting mother to choose a religiously-affiliated school for D to attend.

We also conclude that the trial court did not abuse its discretion in adopting mother's proposed custody order without receiving additional evidence after having already received two days of evidence from mother, father, and their respective witnesses.  Likewise, we find no error in the trial court's ruling declining to receive additional evidence or argument related to medical decision making, mother's lack of housing costs, or father's travel costs for visitation.  It was not required to consider additional evidence or arguments not presented during that time.  Shooltz v. Shooltz, 27 Va. App. 264, 269, 498 SE.2d 437, 439 (1998) ("Motions to reopen a hearing to take further evidence are matters within the [trial] court's discretion.").

B.  Right to Attend Public Events

Father also contends that the provision in the custody order requiring that he provide mother forty-eight hours notice before attending any of D's special events[3] unconstitutionally restricted his right to assemble in public places.  He contends that "[n]o evidence was presented that would justify a clear and convincing threat to [m]other, [D], or any actual or impending public danger . . . justify[ing] any prior restraint upon [f]ather's right to attend public events in New York."[4]  Based on the record before us, we conclude that the forty-eight-hour requirement is simply a reasonable notice provision and does not violate father's First Amendment right to peaceably assemble in public places.

"[T]he [] right[] of freedom of . . . assembly [is] fundamental . . . ."  York v. City of Danville, 207 Va. 665, 669, 152 S.E.2d 259, 263 (1967).  However, it is "not absolute and must be exercised in subordination to the general comfort and convenience and in consonance with peace, good order and the rights of others."  Id.  Restrictions on time, place and manner of protected rights are permissible if they serve a significant governmental interest.  Adams Outdoor Advertising v. City of Newport News, 236 Va. 370, 381, 373 S.E.2d 917, 922 (1988).

On its face, the notice requirement does not unreasonably restrict father's attendance at special events, public or private, involving D, whose best interests govern visitation.  The record reflects a history of difficult, often tense, interactions between mother and father at the beginning and end of visitation periods with D.  Reasonably applied, the custody order notice requirement

---

[3] The phrase "special events" is defined in the custody order as "sporting events, school events, etc."

[4] Father also contends on appeal that the custody order "arguably unjustly interfered in matters of interstate commerce between New York and Virginia."  However, father failed to present this argument to the trial court, develop the argument on brief, or cite any case law in support of his assertion.  As such, we decline to consider this argument.  See Rules 5A:18 and 5A:20.

permits father additional opportunities to interact with D by attending special events in her life that fall outside his designated visitation periods. Reasonable notice allows D reasonable expectations of her father's presence at these events, while diminishing disappointment if he is unable to attend. The reasonable notice provision also provides mother and father sufficient time to permit civility in their meetings in D's presence at these special events. Such notice protects D's best interests. See Knox v. Div. of Soc. Serv., 223 Va. 213, 223, 288 S.E.2d 399, 404 (1982) ("[T]he protection of children from harm, whether moral, emotional, mental, or physical is a valid and compelling state interest." (citing Stanley v. Illinois, 405 U.S. 645, 652 (1972))). Given the difficult relationship between mother and father, and considering the best interests of D, we conclude the trial court did not constitutionally infringe on father's rights to peaceably assemble by including a reasonable notice provision governing his attendance at special events in D's life falling outside his designated visitation periods.

### C. Attorney's Fees

Lastly, father argues that the trial court erred in awarding mother $15,000 in attorney's fees she incurred at trial. He contends, *inter alia*, that because "[c]ounsel for both parties were professional and responsive, there were no allegations of bad faith or improper dealings in the litigation, nor had either party taken an unreasonable or unsupported position[,]" an award to mother of attorney's fees was not proper.

"Whether to award attorney's fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Kane, 41 Va. App. at 375, 585 S.E.2d at 354 (quoting Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002)). "'The key to a proper award of counsel fees . . . [is] reasonableness under all of the circumstances revealed by the record.'" D'Ambrosio, 45 Va. App. at 344, 610 S.E.2d at

886 (quoting <u>Westbrook v. Westbrook</u>, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (2004))

(alteration in original).

Here, we conclude the trial court did not abuse its discretion in awarding a portion of

mother's attorney's fees to her. The trial court's award of $15,000 to wife in attorney's fees

represented less than half of mother's total legal fees incurred at trial. Mother, the prevailing

party at trial, has an annual income just over $42,000. Although father was unemployed at the

time of the award, his annual income exceeded $135,000 immediately prior to his

unemployment, he received a substantial severance package when terminated, and he anticipated

being employed at an hourly rate of $50-$75 in the immediate future. From this record, we find

no abuse of discretion in the trial court's award of $15,000 in attorney's fees to mother.

### D. Attorney's Fees on Appeal

Mother also seeks attorney's fees on appeal. She contends that father's numerous

assignments of error are largely without merit and that she has incurred significant attorney's

fees and costs in defending herself on appeal.

> "The rationale for the appellate court being the proper forum to
> determine the propriety of an award of attorney's fees for efforts
> expended on appeal is clear. The appellate court has the
> opportunity to view the record in its entirety and determine
> whether the appeal is frivolous or whether other reasons exist for
> requiring additional payment."

<u>McGinniss v. McGinniss</u>, 49 Va. App. 180, 190-91, 638 S.E.2d 697, 702 (2006) (quoting

<u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996)). On consideration

of the record before us, we decline to award mother attorney's fees and costs on appeal.

### III. CONCLUSION

From our review of the record, we conclude that credible evidence in the record supports

the trial court's factual findings and demonstrates that it considered the best interests of D, and

did not abuse its discretion in granting primary physical custody of D to mother. We further

- 8 -

conclude that the trial court's decision was not based on a constitutionally impermissible religious preference.  We also conclude the trial court did not abuse its discretion in (1) its custody order governing medical decision making authority and child support and in (2) imposing a reasonable notice provision requiring father to provide forty-eight hours notice to mother prior to attending D's special events outside father's designated visitation times.  Finally, we affirm the trial court's award of attorney's fees to mother for costs incurred at trial, but decline to award attorney's fees to mother on appeal.

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>